Judge Ewing
delivered the Opinion of the Court. The Chief Justice did not sit in this case.
The plaintiff brought an action of covenant against the defendant, for failing to pay the instalments that had become due upon his subscription of stock to the company. The defendant pleaded non est factum; upon which issue was joined, and, upon the trial, two witnesses, who-had subscribed stock to the company, were introduced by the plaintiff, to prove his signature to the subscription list, who were rejected by the Court, as incompetent. Thereupon they executed a release to the defendant, of all claim or interest in the two shares subscribed by him, or of dividends that have or may be declared thereon. They were again rejected by the Court. And the opinions of the Court, in rejecting them as witnesses, present the only points for revision by this Court.
There might be circumstances in such a case, (not appearing here,) which would ren der such witnesses in competent— as, where a recov ery would enable the Co. to render a road productive,which would not otherwise be so. But the par ty alleging the in competency of a witness , must show the facts from which it re suits.
It is a direct interest in the event of the suit — a cer tainty of loss or gain to the witness, by the result, that renders him incompetent. A remote, uncertain, contingent, interest goes to his credibility.
It is said that the interest to disqualify, must be a le-, gal, certain, and immediate interest — that is, the witness must be shown to have such a direct and immediate interest in the event of a cause, that the necessary legal consequence of the verdict will be, either to secure him in an advantage, or subject him to a loss; he must be either a gainer.or loser by the event. And whenever the interest is of a doubtful nature, the objection is made to go to the credit, and not to the competency, of the witness. 2 Starkie, 746.
We cannot say, from the bare fact of the witnesses being corporators, that they have a necessary, certain, and immediate interest in the event of this suit. They will not be entitled to dividends, if any shall ever be declared, upon the stock of the defendant, but only upon their own stock. If he succeed in his plea, he is no stockholder, and of course will draw no dividends; and if he fail, he will thereby become a stockholder, but will draw dividends upon his own stock only, and will not, in either event, add to or substract from the dividends of the witnesses, upon their own stock.
We can easily conceive that a state of case might exist, in which, upon the issue involved, the corporators might be interested. As when there was a reasonable certainty that the road, w’hen completed, would yield a profit upon the capital invested, and the right to receive toll, or declare dividends, be made to depend upon the completion of the road, and the witnesses, had paid in their stock, in part or in whole, and funds were needed to complete the road; they might be interested in compelling the defendant to pay, as his failure might increase the amount, or accelerate the calls upon them. But none of these contingencies are made to appear in this case. And a certain interest must be made out by the ■ party asking their exclusion, and it is not the province of the Court to presume a possible interest, but rather to let the objection, in that event, go to their credit.
So, also, as to the costs. If there were a reasonable certainty that the road would ever be completed, and when completed would yield a profit, or produce a dividend, over and above an amount that Xvould be required *101 to keep it in repair; inasmuch as the costs, if recovered by the defendant from the corporation, might abstract that amount from the funds in their hands, and thereby lessen their proportion of dividends, they might be regarded as remotely interested to some very small and almost inconceivable amount. But as it is uncertain whether it will ever be completed, and if completed that it will yield any profit more than will keep it in repair, and if any, as the corporation may, by increased tolls, supply the sum thus abstracted, and as-the witnesses, as corporators, cannot be called on for more stock than they have subscribed, whether it ever be completed or not, we regard the interest, upon this score, as too remote, uncertain, contingent and minute, to operate to their exclusion, on the score of incompetency.
It is, therefore, the-opinion of the Court, that the judgment of the Circuit Court be reversed, and cause remanded, that' a new trial may be granted, without costs.— And the plaintiff is entitled to costs in this Court.